UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS NICHOLLS, *et al.*,
                     Plaintiffs,

-v-

MELISSA AVILES-RAMOS, *et al.*,
                     Defendants.

25-CV-7569 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiffs, the parents of four students with disabilities who are enrolled at the International Academy for the Brain ("iBrain"), bring this action against the New York City Department of Education (the "DOE") and its Chancellor Melissa Aviles-Ramos (together, the "Department") under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* Plaintiffs allege that DOE failed to identify, implement, and fund the students' pendency placements for the 2025-2026 school year. (*See generally* ECF No. 1 ("Compl.").) Before the Court are Plaintiffs' two motions for emergency injunctive relief. (ECF No. 7 ("Res. Per."); ECF No. 13 ("Pend.").) The first motion (the "Resolution Period Motion") requests that this Court issue an order compelling the Department to comply with Plaintiffs' expedited requests for a due process hearing and finding that failure to implement the expedited timelines is a per se denial of free appropriate public education. (*See generally* Res. Per.) Plaintiffs' second motion (the "Pendency Motion") requests that this Court order DOE to fully fund tuition, transportation, and nursing services, as applicable, for Plaintiffs for the 2025-2026 school year, including any late fees associated with the untimely payment of funding. (*See generally* Pend.) For the reasons stated below, the Resolution Period Motion is denied, and the Pendency Motion is granted in part and denied in part.

1

I.   **Background**

  A.   **Statutory Framework**

The Individuals with Disabilities Education Act ("IDEA") requires states receiving federal special education funding to provide children with disabilities with free appropriate public education ("FAPE").  *See* 20 U.S.C. § 1400(d)(1)(A); *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 174-75 (2d Cir. 2012).  School districts must create an individualized education program ("IEP") for qualifying children to ensure they receive a FAPE.  20 U.S.C. § 1414(d)(2).  If a parent believes that the IEP is inadequate and that DOE failed to provide their child with a FAPE, the parent may file a due process complaint ("DPC") with DOE.  *M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236, 239 (2d Cir. 2015) (per curiam).

  1.   **Resolution Period**

In tandem with § 1415(f)(1)(B) of the IDEA, 34 C.F.R. § 300.510(a) requires that "[w]ithin [fifteen] days of receiving notice of the parent's due process complaint . . . the [Local Educational Agency ('LEA')] must convene a meeting with the parent and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the [DPC]."  If this Resolution Meeting is not conducted within fifteen days, a parent can request that an Impartial Hearing Officer ("IHO") expedite the DPC by scheduling a pre-hearing conference immediately to address ongoing violations of state and federal law.  34 C.F.R. § 300.510(b)(5).

After the close of the resolution period, the IHO is given forty-five days to hold a hearing, review the evidence, and issue a final decision.  34 C.F.R. § 300.515(a).  However, a hearing officer "may grant specific extensions of time beyond the periods set out in paragraphs (a) and (b) of this section at the request of either party."  34 C.F.R. § 300.515(c)

After an IHO has issued a decision, either party may appeal that decision to the State Review Officer ("SRO"). *See R.E.*, 694 F.3d at 175 (2d Cir. 2012). Either party may seek review of the SRO's decision in state or federal court. *Id.*

### 2. Pendency

The IDEA contains a "stay-put" or "pendency" provision that entitles children to "remain in [their] then-current educational placement" at public expense "during the pendency of any proceedings." 20 U.S.C. § 1415(j). "Parents can also unilaterally change their child's placement during the pendency of review proceedings—for instance, by enrolling them in private school—but they do so at their own financial risk." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023) (cleaned up). "[P]arents can obtain funding for a new placement if an IHO or SRO finds it to be appropriate and issues a pendency order, and the school district does not appeal the decision, thereby agreeing impliedly by law to the child's educational program." *Id.* (cleaned up).

### B. Facts

Plaintiffs are the parents and guardians of four students with disabilities: T.A-N., O.C., L.M., and C.P. (*See generally* Compl.) Each Plaintiff has filed a DPC against DOE alleging that DOE did not provide their children with a FAPE for the 2025-2026 school year ("SY"). (Compl. at ¶ 20.)

In their first request for emergency relief, Plaintiffs request that the Court order the Department to comply with the statutorily required compliance deadlines. (*See generally* ECF No. 7.) All four Plaintiffs allege that they filed a DPC against DOE on July 2, 2025, that the LEA missed the resolution meeting deadline, and that Plaintiffs thus became entitled to a hearing on an "expedited" timeline that required the IHO to issue a decision by August 31, 2025. (ECF No. 10 ¶¶ 4, 8, 10, 11, 15, 20, 24, 29, 33.)

3

The IHO in each complaint has scheduled or already held a prehearing conference and due process hearing. (*See id.* at ¶¶ 9, 10 (Plaintiff Nicholls alleging that the IHO scheduled a prehearing conference for September 12, 2025, and a due process hearing for October 29, 2025); *id.* at ¶¶ 16, 18 (Plaintiff Davis alleging that the IHO scheduled a prehearing conference for September 4, 2025, and a due process hearing for October 22, 2025); *id.* at ¶¶ 25, 27 (Plaintiff Mondano alleging that the IHO scheduled a prehearing conference for August 5, 2025, and a due process hearing for September 3, 2025); *id.* at ¶¶ 34 (Plaintiff Peralta alleging that the IHO scheduled a prehearing conference for August 4, 2025, and due process hearings for September 4, 2025, and September 12, 2025).)

In their second request for emergency relief, Plaintiffs seek relief for the 2025-2026 SY, asserting that their children are "entitled to a pendency order under 20 U.S.C. § 1415(j)'s 'automatic injunction' standard and are entitled to a preliminary injunction establishing their Pendency placement/program and ordering DOE to fund the Student's Pendency placements/programs in accordance with their agreements during the 2025-2026 SY." (ECF 15 at 16-17.) During the pendency of the proceedings, Plaintiffs' children have been enrolled at iBrain. (Compl. ¶ 202.)

**II.  Discussion**

"To obtain a preliminary injunction, a party must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 79 (2d Cir. 2024) (quotation marks omitted). "A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Ogunleye v.*

*Banks*, No. 23-CV-9092, 2025 WL 1078301, at *1 (S.D.N.Y. Mar. 27, 2025) (alteration adopted) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (citation and quotation marks omitted).

In the pendency context, the stay-put provision is akin to "an automatic preliminary injunction" as to the child's right to "maintain an educational placement" during the pendency and ultimately provides for funding to support this right. *Mendez*, 65 F.4th at 62-63 (quotation marks omitted). However, this automatic injunction does not demand immediate payment, unless the parents "establish that a delay or failure to pay has jeopardized their child's educational placement." *Id.* at 63.

This Court considers Plaintiffs' motions in the order in which they were filed on the docket.

    **A.**    **Resolution Period Motion**

Plaintiffs seek a preliminary injunction "(1) compelling the Defendants to comply with the federal and state compliance deadlines based on Plaintiffs' expedited request, to the extent that those deadlines have not yet passed; (2) finding that by failing to adhere to and/or implement the expedited timelines based on Plaintiffs' request to begin the hearing process immediately, Defendants' failure to hold a Resolution Meeting and conduct a timely Due Process Hearing is a per se denial of FAPE; and (3) granting such further, other, and different relief as the Court deems appropriate." (ECF No. 7.)

Plaintiffs' request for emergency relief must be denied. The Second Circuit and other judges of this district have instructed plaintiffs bringing actions under the IDEA that they are not

5

entitled to injunctive relief absent a showing of irreparable harm. *See Mendez*, 65 F.4th at 64 (holding that plaintiffs must satisfy the traditional preliminary injunction factors and must make a showing "that the children's placement or receipt of services [at iBrain] is at risk"); *Frias v. Aviles-Ramos*, No. 25-CV-05936, 2025 WL 2494336, at *4 (S.D.N.Y. 2025) (denying injunctive relief to plaintiffs for failure to show "irreparable injury in the absence of an injunction" (quotation marks omitted)).

Here, Plaintiffs contend that they "need not put forth a substantial amount of evidence of irreparable injury." (ECF No. 9 at 20.) In support of this proposition, Plaintiffs cite *Schmelzer ex-rel. Schmelzer v. New York*, in which the court found that the student-plaintiffs need not put forth a substantial amount of evidence of irreparable injury because "such injury is obvious." 363 F. Supp. 2d 453, 459 (E.D.N.Y. 2003).

It is true that "[t]he procedural requirements of the IDEA were put in place for a particular purpose, [] that [the] purpose was to ensure that disabled students were provided a free appropriate education," and that any inordinate delay in the decision-making process deprive students of rights guaranteed to them under the IDEA. *Id.* *Schmelzer*, however, involved a class action in which the court concluded that pending an administrative decision, "a student could be in an improper educational setting." *Id.* Plaintiffs face no such risk here, as "[e]ach student here currently attend[s] iBrain," which is the school of their choice, and they present no claim that their placement at iBrain is at risk absent judicial intervention. (Compl. ¶ 202.) *See Tom Doherty Assocs.*, 60 F.3d at 37 ("Irreparable harm is an injury that is not remote or speculative but actual and imminent."). Thus, any alleged delay or extension of the compliance date will not impede the rights of T.A-N., O.C., L.M., or C.P. to a FAPE or cause a deprivation of educational benefits. Accordingly, this Court is precluded from granting injunctive relief at this stage.

Finding that Plaintiffs must allege irreparable harm, and have failed to do so, aligns this Court with others in this district. *See e.g., Thomas v. Banks*, No. 24-CV-5138 (S.D.N.Y. Aug. 8, 2024), ECF No. 24 (denying plaintiffs request for the court to issue a preliminary injunction directing defendants to convene a resolution meeting for each plaintiff, as plaintiffs failed to demonstrate that they are likely to suffer irreparable harm where they are receiving educational services and where plaintiffs can proceed before an IHO).

### B.    Pendency Motion

In their second request for court intervention, Plaintiffs seek emergency relief on behalf of the students for the 2025-2026 SY. (*See generally* ECF No. 13.) Plaintiffs seek the immediate implementation of L.M.'s and C.P.'s pendency orders and immediate establishment of pendency orders for T.A-N. and O.C. According to Plaintiffs, the four students are "entitled to a pendency order under 20 U.S.C. § 1415(j)'s 'automatic injunction' standard and are entitled to a preliminary injunction establishing their Pendency placement/program and ordering DOE to fund the Student's Pendency placements/programs in accordance with their agreements during the 2025-2026 SY." (ECF No. 15 at 16-17.)

#### 1.    Placement

Insofar as Plaintiffs seek an order establishing iBrain as the students' pendency placement for the 2025-2026 SY, that request is granted for the same reasons explained in *Moonsammy v. Aviles-Ramos*, 25-CV-5923, 2025 WL 2452350, at *2 (S.D.N.Y. Aug. 26, 2025). As stated above, the IDEA's stay-put provision entitles children with disabilities to "remain in the[ir] then-current educational placement" at public expense "during the pendency of any proceedings." 20 U.S.C. § 1415(j). Here, the Department and Plaintiffs agree that the students

7

are currently attending iBrain and receive educational services there. (*See* Compl. ¶ 202; ECF No. 19 at 13-14.)

Although the Department claims that the students' placements are not at risk during the 2025-2026 SY (ECF No. 19 at 14), Plaintiffs are not required to show irreparable harm regarding placement for the purposes of the stay-put provision. *See Mendez*, 65 F.4th at 62 (holding that IDEA's stay-put provision is "an automatic preliminary injunction" because it "substitutes an absolute rule in favor of the status quo—that is, the maintenance of a student's then-current educational placement—for the standard preliminary injunction analysis involving irreparable harm, the likelihood of success on the merits, and the balance of hardships" (quotation marks omitted)) Therefore, this Court declares that iBrain is the students' pendency placement for the 2025-2026 SY.

### 2. Funding

Plaintiffs also seek an order directing DOE to fund the students' pendency placements for the 2025-2026 SY. (ECF No. 15 at 17.) As with the Resolution Period Motion, Plaintiffs again assert that they are entitled to a preliminary injunction in which this Court orders DOE to fund Plaintiff-Students' Pendency at iBrain with transportation and nursing related services for the 2025-2026 SY "irrespective of whether Plaintiffs can show irreparable harm." (*Id.*)

Plaintiffs' counsel has shopped this argument to various judges in this district over a dozen times, and have been told time and again that, at the preliminary injunction phase, the claim is meritless. *See, e.g.*, *Frias*, 2025 WL 2494336, at *4; *Bruckauf v. Aviles-Ramos*, No. 25-CV-5679 (S.D.N.Y. Aug. 25, 2025), ECF No. 16; *Mondano v. Banks*, No. 24-CV-8241, 2025 WL 1984427, at *2 (S.D.N.Y. July 17, 2025); *Ramos v. Banks*, Nos. 24-CV-5109, 24-CV-5136, 2025 WL 1455703, at *7-8 (S.D.N.Y. May 21, 2025); *Ogunleye*, 2025 WL 1078301, at *2;

*Moonsammy*, 2024 WL 3835144, at *1; *Bruckauf v. Banks*, No. 24-CV-5136 (S.D.N.Y. Aug. 1, 2024), ECF No. 25; *Ramos v. Banks*, No. 24-CV-5109 (S.D.N.Y. Aug. 1, 2024), ECF No. 33; *Phillips v. Banks*, No. 23-CV-2140, Minute Entry from April 20, 2023 (S.D.N.Y. Apr. 20, 2023); *Crosley v. Banks*, No. 22-CV-7101 (S.D.N.Y. Nov. 29, 2022), ECF No. 28; *Mendez v. Banks*, No. 22-CV-8397, 2022 WL 6807537, at *1-2 (S.D.N.Y. Oct. 11, 2022), *aff'd*, 65 F.4th 56 (2d Cir. 2023); *Hidalgo v. Porter*, No. 21-CV-10794 (S.D.N.Y. Apr. 29, 2022), ECF No. 33; *Abrams v. Carranza*, No. 20-CV-5085, 2020 WL 4504685, at *1 (S.D.N.Y. Aug. 5, 2020). Nevertheless, Plaintiffs' counsel brings the same theory of the case here.

Again, the Second Circuit and judges in this district have repeatedly held to the contrary. "Because this dispute is about educational *funding*—not educational *placements*—Plaintiffs are unable to show that their harm is irreparable." *Mendez*, 2022 WL 6807537, at *1. Plaintiffs make no showing that schooling or related services were or are at risk for the 2025-2026 SY, or that the students' continued enrollment at iBrain has been jeopardized by DOE's alleged nonpayment. *See Mondano*, 2025 WL 1984427, at *2. Accordingly, because Plaintiffs fail to show irreparable harm, the Court denies Plaintiffs' motion for a preliminary injunction as to funding. *See, e.g., id.* (denying preliminary injunction when plaintiff did not show that the delay in disbursing funds would affect the student's educational placement); *Ogunleye*, 2025 WL 1078301, at *2 (declining to issue preliminary injunction and stating that "[a]bsent a showing that the students are at risk of losing their . . . placements, money damages can provide an adequate remedy in the underlying suit"); *Abrams*, 2020 WL 4504685, at *1 ("[Although] the parties apparently have certain disputes over payment . . . such a dispute does not implicate irreparable harm, at least where, as here, there is no imminent threat to the educational services themselves.").

9

### III.  Conclusion

For the foregoing reasons, Plaintiffs' Resolution Period Motion (ECF No. 7) is DENIED. Plaintiffs' Pendency Motion (ECF No. 13) is GRANTED in part and DENIED in part. Specifically, the Court declares that iBrain is the students' pendency placement for the 2025–2026 school year and DENIES the Pendency Motion in all other respects.

The Clerk of Court is directed to close the motions at Docket Numbers 7 and 13.

SO ORDERED.

Dated: October 27, 2025
       New York, New York

                                              J. PAUL OETKEN
                                         United States District Judge